**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4989**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

JOSE FREDY DELCID, a/k/a Franklin, a/k/a Oscar Salgado,
a/k/a Matador, a/k/a Chami,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   Liam O'Grady, District
Judge.  (1:12-cr-00320-LO-1)

———————

Submitted:  July 10, 2013              Decided:  August 6, 2013

———————

Before KEENAN, DIAZ, and FLOYD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Elita C. Amato, Arlington, Virginia, for Appellant.   Neil H.
MacBride, United States Attorney, Sarah Devlin, Special
Assistant United States Attorney, Alexandria, Virginia, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Fredy Delcid appeals his conviction after pleading guilty to conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (2006). On appeal, Delcid raises the issue of whether his "entry of a guilty plea [was] involuntary as the District Court did not review the elements of the offense with him prior to the Court having accepted the guilty plea, nor inquire as to whether he knew those elements, and understood them, as required pursuant to Federal Rule of Criminal Procedure 11." He contends that the district court plainly erred in violation of Fed. R. Crim. P. 11 and the Due Process Clause. We affirm.

In federal cases, Rule 11 of the Federal Rules of Criminal Procedure "governs the duty of the trial judge before accepting a guilty plea." Boykin v. Alabama, 395 U.S. 238, 243 n.5 (1969). Rule 11 "requires a judge to address a defendant about to enter a plea of guilty, to ensure that he understands the law of his crime in relation to the facts of his case, as well as his rights as a criminal defendant." United States v. Vonn, 535 U.S. 55, 62 (2002). We "accord deference to the trial court's decision as to how best to conduct the mandated colloquy." United States v. DeFusco, 949 F.2d 114, 116 (4th Cir. 1991). In explaining the nature of the charge, "a trial

2

court must take into account both the complexity of the charge and the sophistication of the defendant." Id. at 117.

Although a defendant must receive notice of the true nature of the charge rather than rote recitation of the elements of the offense, the defendant need not receive this information at the plea hearing but may enter a valid guilty plea based on information received before the hearing. Id. (citations and quotation marks omitted); see also Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005) (trial court may rely on "counsel's assurance that the defendant has been properly informed of the nature and elements of the charge to which he is pleading guilty").

While the Supreme Court has "never held that the judge must himself explain the elements of each charge to the defendant on the record," a trial court "is responsible for ensuring a record adequate for any review that may be later sought." Bradshaw v. Stumpf, 545 U.S. at 183 (citation and internal quotation marks omitted). We have likewise refused to require that district courts "recite the elements of the offense in every circumstance," as in many cases, such a procedure would be "a formality and a needless repetition of the indictment, which often tracks the essential elements of the offense." United States v. Wilson, 81 F.3d 1300, 1307 (4th Cir. 1996).

"A federal court of appeals normally will not correct a legal error made in criminal trial court proceedings unless

3

the defendant first brought the error to the trial court's attention." Henderson v. United States, 133 S. Ct. 1121, 1124 (2013) (citing United States v. Olano, 507 U.S. 725, 731 (1993)). Federal Rule of Criminal Procedure 52(b) creates an exception to the normal rule, providing "[a] plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b).

Because Delcid's claims are raised for the first time on appeal, this Court's review is for plain error. See Vonn, 535 U.S. at 71; Olano, 507 U.S. at 731-33; United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). It is therefore Delcid's burden to show (1) error; (2) that was plain; (3) affecting his substantial rights; and that (4) this Court should exercise its discretion to notice the error. Martinez, 277 F.3d at 529, 532. "[A] defendant who seeks reversal of his conviction after a guilty plea, on the ground that the district court committed plain error under Rule 11, must show a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004); see also Martinez, 277 F.3d at 532.

We have reviewed the record and the parties' briefs, and we conclude that Delcid has failed to make the required showing. Delcid does not show a reasonable probability that, but for any error that potentially may have occurred, he would

4

not have entered the plea.  Delcid does not claim that he was not in fact advised of, or misunderstood, the elements of the crime to which he pled guilty prior to entering his plea.  He does not claim he was innocent of the crime or that he would not have pled guilty if the district court had recited the elements of the crime at the guilty plea hearing or explicitly confirmed that his attorney had done so.  Finally, he points to nothing in the record showing that his rights were substantially affected by the alleged errors of the district court.

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

<u>AFFIRMED</u>